# Carwile, *et al. v.* Crump, *et al.*

### *Bill to Foreclose Mortgage.*

( Decided Feb. 3, 1910.—51 South. 744.)

1. *Mortgages; Foreclosure; Parties.*—In the foreclosure of a mortgage executed by one since deceased, the heirs of the mortgagor are indispensable parties and the personal representative is a proper party, and hence, the joining of the heirs and personal representatives in a bill for foreclosure did not render it demurrable as for misjoinder of parties respondent.

2. *Same; Accounting; Attorney's Fees.*—Where the note and mortgage provided for reasonable attorney's fees in case the same was collected by an attorney, and the same was placed in the hands of an attorney for collection who filed the claim against decedent's estate, the administrator was bound to tender a reasonable sum for attorney's services up to the time of an agreement made subsequent to the filing of the claim by which the holder of the mortgage agreed not to exact payment of the debt until the summer following.

3. *Same; Foreclosure; Time.*—Where, after claim filed in the probate court, it was agreed that payment of the note and mortgage would not be demanded before the following summer, a bil to foreclose filed on Aug. 4, following, was not prematurely filed.

4. *Parties; Indispensable Parties; Omission.*—Where, during the progress of the cause it appeared that indispensable parties have not been joined or have been omitted, the proceeding should be suspended until such parties are brought in, or the cause should be dismissed if the complainant, after reasonable opportunity, failed to bring in such party.

5. *Same; Defective Party; Objection; Waiver.*—Where a bill is defective for want of proper parties, advantage of the defect should be taken by demurrer, plea or answer, and if not so taken, is waived unless the presence of the parties not joined is necessary to a disposition of the case on its merits, in which event, the court may notice it ex mero motu, or the objection may be made at the hearing of the court on the merits or on appeal.

6. *Appeal and Error; Parties; Necessity of Objection in Lower Court.*—While the omission of an indispensable party in a chancery case is available on appeal, without previous objection at the trial, yet, in order, however, to put the court in error, the absence of such parties must have been known or brought to its attention before the rendition of the decree.

Appeal from Birmingham City Court.

Heard before Hon. H. A. Sharpe.

[Carwile, et al. v. Crump, et al.]

Bill by Mary J. Crump and others against John A. Carwile, as administrator of Z. T. Carwile, and his heirs at law, to foreclose mortgage. Judgment for complainants, and respondents appeal. Affirmed.

Demurrer was filed to the bill, setting up that there was a misjoinder of parties, in that no one had any rights in the matter except the administrator, and that the heirs at law were improperly joined. This demurrer was overruled. The contention as to attorney's fees sufficiently appears in the opinion of the court. This seems to be the matter litigated, and the issue was brought up by a plea of tender on the part of the administrator of the amount due on the mortgage.

PINKNEY SCOTT, for appellant.—Two of the heirs were not brought in, and the special master's attention was called to this as was that of the court.—*Mobile L. I. Co. v. Gass*, 129 Ala. 222. The rule is that objection of this nature may be made at the hearing or on error, or the court may take advantage of it ex mero motu.— 3 Mayf. p. 258. A sufficient tender was made.—*Johnson v. Blair*, 132 Ala. 139; *Rudolph v. Wagner*, 36 Ala. 702; *McCall v. Otey*, 99 Ala. 584.

W. E. MARTIN, for appellee.—The tender was not sufficient.—*Tidwell v. Wittmeir*, 43 South. 782. The burden of proof is on the party pleading tender.—*Langley v. Andrews*, 38 South. 238; 22 A. & E. Ency. of Law, 42. The motion to set aside the decree for want of proper parties was properly overruled.—Rule 19, Ch. Pr. p. 1533, Code 1907; 3 Mayf. p. 258.

ANDERSON, J.—The bill sought a foreclosure of the mortgage and and accounting to ascertain the indebtedness, and the personal representative was a prop-

er party respondent.—*Eslava v. New York Co.,* 121 Ala. 484, 25 South. 1013; *Dooley v. Villalonga,* 61 Ala. 129. And as the heirs of the deceased mortgagor were indispensable parties, there was no misjoinder.—*McCollum v. Prewitt,* 37 Ala. 573; *Batre v. Auze,* 5 Ala. 173; *Erwin v. Ferguson,* 5 Ala. 158; *Kennedy v. Kennedy,* 2 Ala. 573; *Jennings v. Jenkins,* 9 Ala. 286. The general rule is that if a bill is defective for want of proper parties advantage should be taken of the defect by plea, demurrer or answer, and if not so taken the objection is waived. The rule is subject to the excep- tion that if the cause cannot be properly disposed of on the merits, without the presence of the absent par- ties, the objection may be made at the hearing, or, on error, it may be taken by the court ex mero motu.— *Prout v. Hoge,* 57 Ala. 32. The omission of an indis- pensable party in a chancery case is available on error, without previous objection.—*Powe v. McLeod,* 76 Ala. 420, and cases there cited. It may be that a decree would be valid and binding as to all the heirs present, but if at any time, during the progress of the cause, it should appear that indispensable parties are omitted, the proceedings should be suspended until they can be brought in, and the cause should be dismissed, if the complainant, after reasonable opportuntiy to do so, fails to make them parties. To sanction the proceeding with a cause, in the absence of necessary parties known to the court, would encourage a practice violative of the fundamental principles of equity, and which would pro- voke rather than terminate litigation. In order, how- ever, to put the trial court in error, the record should show that the absence of some of the necessary parties was known or brought to the attention of the trial court before the rendition of judgment or decree on the merits. In the case at bar the suggestion of other heirs

was not made until after the rendition of the decree on the merits, and while the trial court could have suspended further proceedings until they were brought in, yet reversible error was not committed by a failure to do so. Moreover, it does not appear that the parties were heirs. The affidavit sets out that they were granddaughters of a brother of the deceased mortgagor and that their mother was dead, but does not aver that the grandfather of the girls or brother of the deceased mortgagor was dead.

The chief question of controversy in this case is one of attorney's fees. If the complainants had incurred no attorney's fees when the respondent administrator tendered the amount due on the mortgage, then it should have been accepted, and the question of tender should have been adjudged in favor of the respondent. The note and mortgage both provide for attorney's fees, and, if the complainant had incurred any attorney's fees toward a legitimate effort to collect the debt, he was entitled to same and which should have been included in the tender. The proof shows that the claim had been placed with Martin for collection, and that he had filed a verified statement of the said claim and that this was done before the conversation between James D. Crump and the administrator, wherein Crump gave the administrator to understand that he would not expect payment of the mortgage debt until summer. He was therefore entitled to such reasonable attorney's fees as had been incurred, and which said amount the administrator should have included in his tender. Whether the sum claimed by Martin was or was not reasonable for what he had done made no difference, as the administrator should have tendered what was reasonable in order to establish his plea of tender. It may be that the assurance given the administrator by Crump

[Carwile, et al. v. Crump, et al.]

that he could pay the debt in the summer would estop
the complainants from claiming any fees incurred be-
tween that time and the time when he consented to ac-
cept the money. —*Johnson v. Blair*, 132 Ala. 128, 31
South. 92. But this would not estop him from the
right to include in the mortgage indebtedness reason-
able attorney's fees incurred previous to said conversa-
tion, and the proof shows that that claim had been
turned over to Martin previous to that time, and that
he had taken some little action looking to a collection,
by filing a statement in the probate office. If, there-
fore, there was anything due the mortgagees in excess
of the amount tendered, they had a right to proceed
with a foreclosure suit to collect the debt and a rea-
sonable attorney's fee for so doing. Nor can it be said
that the complainants would not be entitled to fees for
a foreclosure, because premature and in violation of a
promise to wait until summer for the money, as the bill
was not filed until August 4th—the last month of sum-
mer.

The decree of the city court is affirmed.
Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.