# Lewis *v.* McBride, *et al.*

*Bill to Redeem from Mortgage Sale.*

(Decided February 8, 1912. 57 South. 705.)

1. *Mortgages; Redemption; Right of Grantee.*—A sale by a mortgagor of his equity of redemption, made after a sale under the power in the mortgage, is not an assignment of the right of redemption under section 5746, Code 1907, and the mortgagor's grantee is not entitled to redeem.

[Lewis v. McBride, et al.]

2. *Same; Equity of Redemption.*—The mortgagor's equity of redemption is his interest before foreclosure; his right of redemption is a mere personal privilege given him by statute after a sale under the mortgage.

3. *Same; Condition Precedent.*—One seeking to redeem from a mortgage sale must tender and deposit in court the purchase money with interest on the refusal of the purchaser at the sale, or his grantee to furnish a statement of the debt and lawful charges, on demand.

(Sayre, J., dissents in part.)

Appeal from Butler Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by May Lewis against J. J. McBride and others, to redeem land from a sale under the powers in the mortgage. Decree for respondents and complainants appeal. Affirmed.

R. B. SMYTHE, and JOHN V. SMITH, for appellant. Proper procedure to redeem was had under section 5784, Code 1907.—*Lehman Durr & Co. v. Collins,* 69 Ala. 131. Brown stated that he would not furnish the items of lawful charges, and it is therefore shown that it would have been a useless requirement to make any further demand.—*Francis v. White,* 142 Ala. 601; 28 A. & E. Enc. of Law, p. 5. It follows, therefore, that the court was in error in sustaining demurrers to the bill.

LANE & LANE, and POWELL & HAMILTON, for appellee. Counsel insist that under the terms of the statute. complainant is not in a position to redeem having purchased the equity of redemption when that equity had been destroyed by a sale under the power contained in the mortgage, and that being without right to maintain the bill, there was no error in the action of the trial court in the judgment rendered.

SIMPSON, J.—This is a bill by the appellant, seeking to redeem land that had been sold by virtue of a

power of sale in a mortgage. The mortgage was made by George Lewis to Powell, Hamilton & Lane. The respondent J. J. McBride purchased at the mortgage sale and afterward sold the property to the other respondent T. B. Brown. After the sale under the mortgage, said George Lewis executed a paper in words as follows, to wit: "I  *  *  * grant, bargain, sell, transfer, set over and assign, and do by these presents, grant, bargain, sell, convey, transfer, set over and assign to Mae Lewis all of my right, title and interest to my equity of redemption in and to a certain mortgage executed by George Lewis," etc.; going on to describe the land covered by the mortgage.

The original bill alleges that the sale by McBride to Brown was on credit, and that the legal title remained in McBride, and the amendment to the bill sets out the terms of the contract of sale, and reiterates the fact that the legal title remained in McBride. Brown, the purchaser, is in possession of the land. The original bill showed, by exhibit, a written demand on McBride, 10 days before the filing of the bill, for a statement of the debt and lawful charges. No tender of any money is alleged; nor is any money deposited in court.

After demurrer to the original bill had been sustained, the complainant filed an amendment, alleging that, after the decree sustaining the demurrer, the complainant had made a written demand on said Brown for a statement of the debt and lawful charges; that 10 days had elapsed since said demand; and that said Brown had failed to furnish the statement, and had refused to furnish the same, "saying that it was none of his business to do so, and that this was a matter for J. J. McBride to attend to." Still the complainant does not allege any tender of any money; nor does she deposit any money in court.

[Lewis v.. McBride, .et al.]

The first question which arises is whether the complainant is entitled to redeem at all. It is true that section 5746 of the Code of 1907 authorizes the assignee of the "right of redemption," as well as the assignee of the *equity* of redemption, to redeem. According to numerous decisions of this court, the equity of redemption is that interest in the land which is held by the mortgagor, before foreclosure; while the right of redemption is not an interest in the land at all, but a mere personal privilege given by statute to the mortgagor after the land has been sold under the mortgage. It is true that, at the time of the execution of the instrument in question, said George Lewis did not have equity of redemption in the land; but can we infer that, because a party making a quitclaim deed has no interest in the property named, he intended to convey something else, not named in the paper? We think this would be a dangerous principle to assert, and we therefore hold that the instrument in question was not an assignment of the statutory right of redemption.

We hold also that the chancellor correctly held that, under the ruling of this court in the case of *Francis et al. v. White*, Adm'r, 142 Ala. 590, 39 South. 174, the amount of the purchase money, with interest, should have been tendered and deposited in court.

The judgment of the court is affirmed.

Affirmed. All the Justices concur, except SAYRE, J., who, while concurring in the result on other points, thinks that the conveyance carried the right of redemption.