(89 South. 35)

COOPER et al. v. POSEY. (6 Div. 183.)

(Supreme Court of Alabama. April 14, 1921. Rehearing Denied May 12, 1921.)

1. Mortgages ⬤⟞144—Mortgagee not estopped to purchase from first mortgagee after foreclosure.

One taking a second mortgage from the then owner of land was not thereby estopped to purchase the mortgaged property from the first mortgagee after a foreclosure of its mortgage.

2. Mortgages ⬤⟞144—When future advances secured, it is immaterial that agreement as to purchase or redemption from first mortgage was in parol.

Where a mortgage was given to secure future advances, including the amount necessary to purchase the title under a first mortgage, and the mortgagor remained in possession, it could not defeat the mortgagor's right to redeem that the agreement that the amount necessary to redeem or purchase from the first mortgage should be secured by the mortgage rested in parol.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill by Hannah Cooper and others against T. H. Posey to redeem from mortgage fore-

closure and to fix a trust upon certain lands. Decree for respondent, and complainants appeal. Reversed and remanded.

Complainants were the legal heirs of G. Lee Holmes, who was the owner of certain real estate, having acquired title thereto in the year 1878. This land, or part of it, was mortgaged to the Bessemer Building & Loan Association to secure an indebtedness of $2,000; the date being May 20, 1890. In January, 1896, Holmes executed a mortgage to T. H. Posey, on this land, or a part thereof, for a recited consideration of $6,000. In July, 1896, the Bessemer Building & Loan Association foreclosed this mortgage, becoming a purchaser at its own foreclosure sale, and in August, 1896, it executed to Posey a deed, quitclaiming the land to him upon a consideration of $1,200, and on the same day Posey executed to the building and loan association, reciting a consideration of $1,200. In January, 1901, this last mortgage was paid, and Posey executed on the same land to the same party a mortgage for $1,800. Subsequently, it is alleged, Holmes, desiring to refinance his affairs with the building and loan association, executed to Posey, who was his brother-in-law, a mortgage on said lands, reciting a consideration of $6,000, which it is alleged, was not the true consideration; Posey agreeing to pay off the mortgage to the building and loan association, and Holmes agreeing to reimburse him in any amount thus expended. The bill further charges that, although Posey secured the deed from the building association, he held the same in trust for G. Lee Holmes, Holmes having furnished the first payment of the purchase money and continued to make payments until his death in 1903, and that Holmes had continued to live on the land from the date of the foreclosure until his death, and that complainants continued to and have resided on the land ever since without otherwise attorning to said Posey, and that Posey recognized the equity of said complainants until about four years before the filing of the bill, when he repudiated the same and claimed to own the land. Then follow allegations of confidential relationship between the parties, payments of large sums of money on the same, and complainants' inability to ascertain the amount necessary to redeem. But it further alleged on information and belief that the debt had been paid. The respondent admitted the execution of the various papers, denied the payment of any of the mortgages by G. Lee Holmes or complainants, and set up a large indebtedness in advances made by him to complainants and G. Lee Holmes, and that respondent's purchase of the land was not for the purpose of refinancing the debt but was a separate and distinct transaction to protect himself, in so far as he could, from loss by the failure of Holmes to pay the same.

T. J. Lamar, of Birmingham, and McEniry & McEniry, of Bessemer, for appellants.

The court erred in its judgment holding that Posey was not a trustee. 78 Ala. 202; 47 Ala. 418; 107 Ala. 600, 18 South. 209, 34 L. R. A. 137. On these same authorities the court erred in not decreeing foreclosure. The statutes of limitations and of fraud were without application. 42 Ala. 683; 100 Ala. 612, 13 South. 679; 27 Ala. 461; 93 Ala. 138, 8 South. 284.

Huey & Welch, of Bessemer, for appellee.

The evidence did not establish a parol trust. 100 Ala. 612, 13 South. 679; 93 Ala. 138, 8 South. 284; 62 Ala. 129; 51 Ala. 288; 84 Ala. 327, 4 South. 276.

SAYRE, J. [1, 2] Complainant, appellant, filed this bill seeking to redeem from appellee. Appellee was a second mortgagee and sought to avoid complainant's asserted right of redemption by showing that he had purchased the property from the first mortgagee after the latter, the Bessemer Building & Loan Association, had purchased at a foreclosure sale under its mortgage. Complainant contends that there had been an agreement by which defendant was to purchase for the use and benefit of the mortgagor, complainant's husband, then in life and the owner of the property, defendant to be secured by the mortgage against which complainant now seeks to redeem. By accepting the mortgage from complainant's husband, then owner, defendant was not estopped to purchase the mortgaged property from the building and loan association (Walthall v. Rives, 34 Ala. 91), but our judgment is that, on the proof, complainant's contention as to the arrangement under which it was purchased should be sustained; nor does it avail defendant anything that the agreement that the amount necessary to redeem or purchase from the elder mortgage should be secured by the mortgage now in litigation rested in parol, for, according to the evidence, defendant's mortgage was given to secure future advances, the amount necessary to purchase the first mortgage title included, and the mortgagor remained in possession. Junkins v. Lovelace, 72 Ala. 310. The weight of the evidence sustains this view, and we apprehend the amount of the second mortgage, which was executed shortly before the foreclosure of the first, cannot reasonably be explained on any other hypothesis.

Complainant is entitled to redeem. How much she must pay for redemption we are unable to say; that will be a matter to be determined by the register in the execution of a proper decree of reference. The decree will be reversed and the cause remanded for

a decree of reference to ascertain the proper amount.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.