### SIMMONS v. HENDERSON et al.
### (4 Div. 956.)

(Supreme Court of Alabama. April 27, 1922. Rehearing Granted June 30, 1922.)

**1. Mortgages ⌖144—Second mortgagee may purchase land from one purchasing under foreclosure of first mortgage.**

A second or junior mortgagee stands in no such relation of trust and confidence with the mortgagor as will prevent him from purchasing the property from the purchaser at the sale on foreclosure of the first mortgage.

**2. Vendor and purchaser ⌖85—Cancellation of contract obtained by fraud held ineffective, and contract still binding.**

Where mortgagee purchasing at foreclosure sale contracted to sell property to mortgagor's wife and son subject to right of redemption, a cancellation of the' contract obtained by mortgagee's representing that a second mortgagee had redeemed, when in fact he had merely contracted to purchase, did not cancel the contract, and it was still valid and binding between the parties.

**3. Vendor and purchaser ⌖228(2) — Second mortgagee's contract to purchase from purchaser at foreclosure sale held subject to prior contract of mortgagor's wife and son.**

Where mortgagee purchasing at foreclosure sale contracted to sell to mortgagor's wife and son for the mortgagor's benefit, and thereafter contracted to sell to a second mortgagee, who had knowledge of the first contract, neither party directly exercising the right of redemption because desiring more time for payment, the second mortgagee's contract was subject to the prior contract made with the mortgagor.

**4. Specific performance ⌖114(1) — Bill held sufficient to invoke jurisdiction of court.**

A bill for specific performance, alleging a contract by B. to sell land to plaintiff's wife and son for plaintiff's benefit, fraud on the part of defendant and B. in procuring the cancellation of such contract, a sale of the premises to defendant, plaintiff's readiness, ability, and willingness to perform, and defendant's refusal to receive performance, was sufficient to invoke the jurisdiction of the court for specific performance of the contract.

**5. Specific performance ⌖106(1·)—Parties to contract, though made for plaintiff's benefit, held necessary parties.**

Though bill for specific performance of contract made with plaintiff's wife and son alleged that it was made for plaintiff's benefit, where only the names of the wife and the son appeared in the body of the contract as purchasers, there was nothing in the contract to indicate that it was for plaintiff's sole benefit, and they had not transferred their nominal or real interest to plaintiff, they were necessary and proper parties, and demurrer was properly sustained.

**6. Specific performance ⌖106(1)—Subsequent purchaser from vendor held necessary party, but vendor, though not improper, not a necessary party.**

Where defendant contracted to purchase land from B., knowing that he had previously contracted to convey it to plaintiff's wife and son for plaintiff's benefit, and after the filing of a bill for specific performance finished payment of the purchase price and received a deed, he thereby became the owner of B.'s interest in the contract, and entitled to purchase money due thereunder, and was a necessary party, but B., though not an improper party, was not a necessary party under Code 1907, § 2489.

---

⌖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Chattel mortgages ⬡⇒300—Mortgages ⬡⇒ 616—Bill to redeem from unforeclosed mortgage held sufficient.**

A bill, seeking to redeem from a mortgage of real estate and personal property which had not been foreclosed, was sufficient, where it alleged an offer to pay the mortgage debt, interest, and lawful charges, and averred that complainant was ready, able, and willing to do so.

**8. Mortgages ⬡⇒616 — Bill to redeem from mortgage must make tender of amount conceded, or offer to pay whatever may be found due.**

A bill to redeem under a mortgage that has not been foreclosed, or to enforce the equity of redemption in the property, must make a tender of the amount conceded by complainant to be due, or offer to pay whatever may be found due.

**9. Appeal and error ⬡⇒854(3) — Decree sustaining demurrers affirmed, if one ground well taken.**

A decree, sustaining demurrers to a bill, will be affirmed, if one of the grounds of demurrer, such as nonjoinder of necessary parties, was well taken, as the decree will be referred to the ground of demurrer that sustains it.

Gardner, J., dissenting in part.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill by T. J. Simmons against J. E. Henderson and J. P. Adams to enforce specific performance and for redemption. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

W. W. Sanders, of Elba, for appellant.

The right of a junior mortgagee to redeem under foreclosure of a prior mortgage will be denied, where the redemption is affected by means of fraud, oppression, or other invalidating action. 153 Ala. 468, 45 South. 241, 127 Am. St. Rep. 61; 2 Jones on Mortg. 89; 3 Pom. Eq. 2953. The bill had equity. 107 Ala. 479, 18 South. 132; 76 Ala. 218; 27 Cyc. 1423; 1 Pom. Eq. 200. Equity will sometimes regard a mortgagee, acquiring an outstanding title, as trustee for the benefit of the mortgagor. 2 Jones on Mortg. 92; 186 Ala. 360, 64 South. 621.

C. W. Simmons, of Enterprise, and Sollie & Sollie, of Ozark, for appellees.

A decree on demurrer will be affirmed, if any of the grounds of demurrer are well taken. 108 Ala. 357, 19 South. 386; 111 Ala. 209, 20 South. 341; 114 Ala. 630, 21 South. 534; 121 Ala. 240, 25 South. 834; 130 Ala. 266, 30 South. 364; 130 Ala. 294, 30 South. 347; 137 Ala. 632, 34 South. 831; 147 Ala. 198, 40 South. 412; 139 Ala. 386, 36 South. 22; 158 Ala. 329, 48 South. 589, 132 Am. St. Rep. 32; 121 Ala. 548, 55 South. 569, 124 Ala. 127, 26 South. 922; 124 Ala. 403, 26 South. 909; 144 Ala. 448, 39 South. 749, 3 L. R. A.

(N. S.) 1082; 155 Ala. 474, 46 South. 763; 178 Ala. 310, 59 South. 630; 199 Ala. 192, 74 South. 69; 152 Ala. 303, 44 South. 562; 178 Ala. 538, 59 South. 568; 203 Ala. 639, 84 South. 839. The appellee having redeemed from Beers, there can be no other statutory redemption. 163 Ala. 468, 50 South. 1001; 125 Ala. 671, 27 South. 7; 96 Ala. 421, 11 South. 476; 206 Ala. 88, 89 South. 238; 206 Ala. 102, 89 South. 240. Where fraud is pleaded in equity, the facts out of which it is supposed to arise must be stated. 58 Ala. 627; 98 Ala. 521, 13 South. 374; 100 Ala. 296, 14 South. 573; 114 Ala. 630, 21 South. 534. A junior mortgagee, in exercising the statutory right of redemption from a foreclosure sale under a senior mortgage, does not act in trust for his mortgagor. Code 1907, § 5746; 205 Ala. 674, 89 South. 35; 206 Ala. 88, 89 South. 238; 206 Ala. 102, 89 South. 240; 34 Ala. 91; 8 Ala. 606. The bill was defective for failure to join appellant's wife and son as parties. 165 Ala. 206, 51 South. 744; 175 Ala. 80, 56 South. 577; 102 Ala. 282, 14 South. 625; 149 Ala. 665, 43 South. 21; 117 Ala. 322, 23 South. 83, 67 Am. St. Rep. 170; 35 Ala. 96; 10 Ala. 700; 3 Ala. 593; 201 Ala. 62, 77 South. 356.

MILLER, J. This bill of complaint is filed by T. J. Simmons against J. E. Henderson and J. P. Adams, who composed the late firm of Henderson & Adams, to enforce specific performance of a contract of sale of land to him and to redeem this land under a second mortgage, and to redeem personal property in this mortgage. The cause was submitted upon demurrers of defendant J. E. Henderson to the bill of complaint as amended, they were sustained by the court, and this decree is assigned as error by the complainant.

Complainant and his wife on December 30, 1913, executed a mortgage on this land, about 300 acres, to J. A. Fuller, to secure an indebtedness therein described. This mortgage and the debt it secured were by Fuller duly transferred and assigned to one G. R. Beers. Default was made in the payment of the debt, the power of sale in the mortgage thereby became operative, and it was duly foreclosed on June 5, 1916, and G. R. Beers became the purchaser of the land at the foreclosure sale under the mortgage.

The bill makes no attack on the Fuller mortgage, its transfer to Beers, the foreclosure sale, nor the purchase by Beers, the assignee of the mortgagee, of the land at the sale. The complainant rented the land from Beers, after the foreclosure sale, for the years 1916 and 1917, and continued in possession as his tenant until and on January 25, 1918, when complainant, to save the land from being lost by the foreclosure sale, induced Margaret C. Simmons and L. F. Simmons to contract in writing for the purchase

of the land for the benefit of complainant, for the sum of $3,030.15; $530.15 was paid in cash, and the balance was payable November 1, 1918, evidenced by note for $2,500, bearing 7½ per cent. interest from date. The contract of sale contained this stipulation:

"It is understood that this contract is made subject to right of redemption, and if the property is redeemed all payments made by second party are to be returned to her without interest."

The bill also avers that on April 2, 1915, complainant and his wife executed a mortgage to said Henderson & Adams on this land, and some personal property to secure $1,800. A part of the indebtedness of $1,800 was balance due from 1914, and the remainder was for future debts or advances to be obtained; and the real debt secured by it is about $1,300. This was a second mortgage on the real estate. It avers that on information and belief defendant J. P. Adams conveyed and assigned his interest in this mortgage and debt to his partner, J. E. Henderson, the other defendant in this cause.

The complainant avers that—

"On or about 5th day of June, 1918, the said Beers through his attorneys mailed to your orator from Selma, Ala., a letter addressed to Mrs. Margaret C. Simmons, advising that 'Mr. J. T. Henderson, who holds a second mortgage on the T. J. Simmons place, had redeemed the same, and we are hereby refunding to you the amount paid by you to Mr. Beers, as well as the interest and taxes'; and the letter was mailed in Selma at 9:30 p. m., June 6, 1918, and was delivered June 7, 1918, after the time allowed by law for a redemption by complainant of the land."

The bill avers that the land was not redeemed by J. E. Henderson paying the foreclosure mortgage sale debt, 10 per cent. interest and lawful charges in cash, but by paying Beers part cash and note for balance due with interest, under written contract of purchase, which was fully paid after this suit was filed. The bill avers Henderson persuaded Beers to represent unto complainant that Henderson, as junior mortgagee, had effected a redemption of the land with the fraudulent purpose to induce complainant and others acting with him to relinquish the rights under the contract they had secured to acquire title to the property, and it avers such was the effect of the transaction; and that, believing Henderson had redeemed the land, Mrs. Simmons accepted, and collected the check for the amount due her under the contract with Beers and herself. The complainant further avers: ·

"That he offered to pay said Henderson what he was out in the matter of obtaining said lands, and that he made such offer before said Henderson completed the payment of the sum he agreed with said Beers to pay; but that said Henderson refused to allow your orator to do that, and insisted that the lands was worth much more than he had against it."

"There is no such relation of trust and confidence between the mortgagor and the mortgagee that the latter will be prevented from acquiring title to the subject-matter of the mortgage either under his own or any other valid lien." 20 Ency. of Law (2d Ed.) p. 1013, . § 7.

In Walthall v. Rives, 34 Ala. 96, headnote 5, Justice Walker wrote:

"Upon the principle settled in Randolph v. Carlton, 8 Ala. 606, the mortgagee, Walthall, was not estopped by his acceptance of the mortgage from purchasing the property conveyed by the mortgage, under judgments having a paramount lien to the mortgage. And if it should appear, in the further progress of this case that he made such purchase, he would establish a title beyond the reach of the complainants."

This court in Cooper v. Posey, 205 Ala. 674, 89 South. 35, held:

"One taking a second mortgage from the then owner of land was not thereby estopped to purchase the mortgaged property from the first mortgagee after a foreclosure of its mortgage."

[1] Henderson had the right to purchase the property from Beers, the purchaser at the mortgage foreclosure sale. He as second or junior mortgagee did not stand in such relation of trust and confidence with the mortgagor, Simmons, that would prevent him from purchasing the property from Beers. This right to purchase the property from a holder of a prior lien or ·title is essential for the protection of his own junior mortgage lien on the property. Cooper v. Posey, 205 Ala. 674, 89 South. 35; Walthall v. Rives, 34 Ala. 96; 20 Ency. of Law (2d Ed.) p. 1013, § 7.

The bill avers that Beers on · January 25, 1918, agreed in writing to sell and convey the land to Margaret C. Simmons and L. F. Simmons for $3,030.15, part cash and the balance, $2,500, payable with interest November 1, 1918. The cash payment was made, but it was, on June 7, 1918, returned with interest; and it appears the contract was made for the benefit of complainant, and he was the party really in interest as purchaser. This is a bill for specific performance of that contract, and not for statutory redemption under the senior mortgage foreclosed. Under the allegations of the bill, the defendant and Beers entered into a written contract, the former to purchase and the latter to sell the land under a contract similar to the one made by Beers with complainant·as beneficiary. The bill avers Henderson was a purchaser of the land under contract with Beers. It avers he did not redeem the land as junior mortgagee.

[2] The defendant when he entered into the contract to purchase the land knew of the prior contract made by Beers on January 25, 1918, with Margaret Simmons and others; Beers and the defendant attempted to have that contract cancelled and surren-

ucred by fraudulently and falsely representing that he as junior mortgagee had redeemed said land and had not purchased it. The contract of January 25, 1918, was not, under the allegations of the bill, legally canceled; its attempted cancellation was obtained by fraud. It was still valid and binding between the parties when this bill was filed. T. E. Henderson, the defendant, knowing that Beers had agreed to sell and convey the land under the contract of January 25, 1918, purchased or made his contract of purchase, with Beers subject to that previous contract of sale of the land.

[3] If the contract of purchase by defendant of the land from Beers was an exercise of his right of statutory redemption as junior mortgagee, then the purchase by Mrs. Simmons and others of the land from Beers for the benefit of complainant would be an exercise of complainant's right of statutory redemption as mortgagor, because the bill avers both contracts were practically the same, both were contracts of purchase of the same land, and both were made with Beers. The contract under which complainant claims was executed prior in point of time, and should have preference, as the defendant knew of it when his was executed. From the averments of the bill, it appears neither complainant nor defendant directly exercised their rights of statutory redemption. Each made a special contract with Beers for the purchase of the land in lieu of the direct statutory redemption, thereby securing more than the statutory time, two years within which to pay the foreclosed mortgage redemption debt. Complainant's contract was made first, defendant knew of it before and when his was executed, and thus the defendant's contract of purchase became subject to the prior contract of purchase under which the complainant claims. When this fraud was discovered by the complainant, he offered to pay J. E. Henderson the amount he had paid on his purchase contract with Beers, but he refused to accept it, the bill avers Henderson paid Beers the balance of the purchase money for the land after this suit was commenced, and complainant avers and shows a readiness and ability to pay the amount due by him under his contract of purchase, or whatever amount is right for him to pay.

[4] Under this bill for specific performance of the contract, it avers an offer to perform and refusal to receive it by Henderson, it avers fraud on the part of Henderson and Beers, which prevented the performance and it avers a readiness and ability and willingness in the bill to perform. This court in Blackburn v. McLaughlin, 202 Ala. 434, 80 South. 818, said:

"The right to specific performance in a court of equity grows out of the contract, not out of a breach of it by defendant, and when complainant avers his readiness, willingness, and ability to perform, he avers all that is necessary to invoke the jurisdiction of the court."

The averments of the bill are sufficient to invoke the jurisdiction of this court for the specific performance of the contract of sale made by Beers on January 25, 1918, with Margaret Simmons and others. Blackburn v. McLaughlin, 202 Ala. 434, 80 South. 818; Gaston Scott v. Vizard Inv. Co., ante, p. 70, 91 South. 806; Long v. Addix, 184 Ala. 236, 63 South. 982.

[5] The contract of purchase of the land from Beers by Margaret Simmons and her son is averred in the bill to have been made for the benefit of complainant. The contract is made part of the bill. It is signed by complainant, his wife and son. The names of his wife and son appear in the body of the contract as purchasers; his does not. There is nothing in the contract indicating it was made by them for his sole benefit. There is no transfer by them to him of their interest, nominal or real, in the contract averred in the bill; hence they are proper and necessary parties to the bill, as complainants or defendants, in order to enforce specific performance of that contract. This defect in the bill was pointed out by demurrer of defendant, Henderson, and it was properly sustained by the court. Carwile v. Crump, 165 Ala. 206, 51 South. 744; Berlin v. Sheffield C. I. & S. Co., 124 Ala. 322, 26 South. 933.

[6] J. E. Henderson, the defendant, contracted with Beers for the purchase of the land, knowing at the time that Beers had prior thereto contracted in writing to sell and . convey it to Margaret Simmons and others for the benefit of complainant. His contract of purchase was subject to the prior contract to sell it. When Henderson, the defendant, after this bill was filed, finished paying the purchase price for the land under the contract of purchase made by him with Beers, and Beers conveyed by deed the land to defendant, then Henderson owned all of the interest of Beers in the contract of sale of the land to Margaret Simmons and others. He thereby became the owner of Beers' interest in that contract; the defendant became then entitled to the purchase money due thereunder by complainant. J. E. Henderson is a necessary party defendant in this bill for specific performance of the contract. Beers would not have been an improper party, but he is not a necessary party to the cause. Beers now owns no interest in the contract and no interest in the land. His interest in both has been sold and conveyed to the defendant. Section 2489, Code 1907; Carwile v. Crump, 165 Ala. 206, 51 South. 744.

[7, 8] This bill also seeks to redeem under the mortgage given by complainant to Henderson and Adams, now held by Henderson, the defendant. The mortgage has never been foreclosed; it is a second mortgage on the real estate described in the contracts

and a first mortgage on the personal property described in and conveyed by it. The bill avers that—

Complainant "has a right to redeem said lands and personal property described in said mortgage by the payment of the mortgage debt, interest, and lawful charges, and he hereby offers to do that, and avers that he is ready, able, and willing to do so."

The complainant by this is seeking to enforce his equity of redemption in the real estate and personal property under this mortgage which has not been foreclosed. These averments in the bill are sufficient to give this court jurisdiction. "The equity of redemption is that interest in the land which is held under the mortgage before foreclosure." Lewis v. McBride, 176 Ala. 134, 137, 57 South. 705, 706. When a bill is filed to redeem under a mortgage that has not been foreclosed—to enforce the equity of redemption in the property—"it must make a tender of the amount complainant concedes to be due on the mortgage debt, or must offer to pay whatever may be found to be due." Jackson v. Putnam, 180 Ala. 39, 44, 60 South. 61, 62. This bill avers and makes an offer to pay the mortgage debt, interest, lawful charges, and avers complainant is ready, able, and willing to do so. This is sufficient to give complainant the right to enforce in this court his equity of redemption in this property under the mortgage which has not been foreclosed. Jackson v. Putnam, 180 Ala. 39, headnote 4, 60 South. 61; Lewis v. McBride, 176 Ala. 134, headnote 2, 57 South. 705.

Under the averments of the bill as amended, the complainant has the right to enforce specific performance of the contract to purchase the land by paying to the defendant Henderson the sum of $3,030.15, the full purchase price, with interest, if he is the sole purchaser or if he owns the interest, real or nominal, of Mrs. Simmons and his son in the contract; and complainant under the allegations of the bill can redeem the land and personal property in the mortgage given Henderson and Adams by paying to the defendant Henderson the balance due thereon with interest.

[9] There is equity in the bill of complaint as amended. The ground of demurrer of defendant Henderson to it for nonjoinder of necessary parties was properly sustained by the lower court. The decree of the lower court, sustaining demurrers to a bill, will be affirmed on appeal, if any one of the grounds of demurrer is well taken. The decree will be referred to the ground of demurrer that sustains it. Barrett v. Cent. Bldg. & L. Ass'n, 130 Ala. 294, headnote 1, 30 South. 347.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

McCLELLAN and GARDNER, JJ., concur in the conclusion.

GARDNER, J. (concurring specially). I concur in the result, but upon an entirely different reason from that of the majority.

This is not a bill for specific performance, but for redemption. It shows that complainant was unable to exercise his statutory right of redemption from the senior mortgage, which had been duly foreclosed, Beers becoming the purchaser, and a contract was entered into between Beers and complainant's wife and son for the purchase of the land embraced in the mortgage, which purchase, the bill alleges, was for complainant's benefit. Respondent Henderson, a junior mortgagee, had a right of redemption as to this senior mortgage, and his right was expressly recognized in complainant's contract of purchase in the following language:

"It is understood that this contract is made subject to right of redemption, and if the property is redeemed all payments made by second party are to be returned to her without interest."

I think the bill shows that Henderson exercised this right. The bill in some portions refers to the transaction between Henderson and Beers as a purchase by Henderson, and in another portion makes reference thereto as if it were a redemption. Henderson clearly had the right to thus acquire from Beers an indefeasible legal title. Wootten v. Vaughn, 202 Ala. 684, 81 South. 660; Hamilton v. Cody, 206 Ala. 102, 89 South. 240.

As previously stated, complainant was in no position to exercise the right, and his contract of purchase, which he alleges was made for his benefit, expressly recognized Henderson's right to thus acquire the title.

The fraud alleged in the bill, upon which much stress is laid, consists in the fact that complainant received a letter from Beers stating Henderson had redeemed, and returning the money which had been paid, which was pursuant to the written contract. At that time the period for the exercise of statutory redemption had expired, and the alleged fraud consists in the statement that Henderson had redeemed when in fact he had purchased. But of what concern was this to the complainant? The contract he relied upon was made expressly subject to Henderson's right to acquire the title, and if the arrangement made between Beers and Henderson was satisfactory between themselves, how is complainant injured, or of what can he complain? Indeed, for the purposes of this case the purchase by Henderson from Beers was, in substance and effect, a redemption. If Beers saw fit to give Henderson time within which to pay the full purchase price, rather than require its immedi-

ate payment, that was a matter entirely with him, and such indulgence could in no manner work injury to the complainant. He is in no position to interpose an objection.

Our decisions are to the effect that the mortgagor will not be permitted to avoid a foreclosure on the ground that the foreclosure sale was not in writing, or that credit was extended by the mortgagee to the purchaser. Cooper v. Hornsby, 71 Ala. 62; Durden v. Whetstone, 92 'Ala. 480, 9 South. 176. The principle underlying those decisions is equally applicable here. and I am of the opinion therefore that the bill neither charges fraud in law or fact, and that as to the land involved it was without equity. Such was the view entertained by the learned judge of the court below, and in which I fully concur.