**In re WOGSTAD.**

No. 1736.

District Court, D. Wyoming.

Feb. 8, 1935.

Glebe & Elliott, of Scottsbluff, Neb., for debtor.

E. E. Wakeman, of Newcastle, Wyo., for respondent.

KENNEDY, District Judge.

The above-entitled matter concerns a proceeding filed by the above-named debtor under 11 USCA § 203 (Bankruptcy Act § 75 as amended). The situation arises in the following manner: A debtor after having invoked the provisions of section 203 applied to the bankruptcy court for an order restraining the respondent, Benjamin F. Schulze, from conveying certain real estate and seeking to have a deed to him made by the sheriff of Weston county in which the real estate is located, in foreclosure proceedings previously had, set aside. The matter was thereupon set down for hearing upon an order to show cause served upon the respondent and he has duly appeared by answer, set forth his claims, and prayed that the restraining order be dissolved and the petition to set aside the sheriff's deed denied.

On August 3, 1932, a mortgage with release of homestead on the lands in controversy was executed by one Jesse W. Avery. Thereafter said mortgage was foreclosed by advertisement and the property bid in by the mortgagee on December 23, 1933. A certificate of purchase was delivered by the sheriff to the mortgagee as purchaser, which was thereafter assigned for a valuable consideration to Preston T. McAvoy. Between November 26, 1932, and April 5, 1933, various creditors of the above-named debtor and her husband recovered judgments against them in the state court. On August 28, 1934, the respondent as a judgment creditor after the period of redemption of the mortgagor had expired under the state law, and upon his judgment heretofore mentioned, redeemed the land by purchasing the certificate of redemption from the party then holding it, and on October 17, 1934, the sheriff executed a deed for the premises to such redemptioner. The land in controversy was formerly owned by Harold B. Schultz, but on February 26, 1934, in the state court a decree of divorce was entered between the debtor and her husband by which she was awarded the real estate in controversy and her husband thereupon quitclaimed the premises to her. On September 21, 1934, the debtor filed her petition and schedules

in this court under the provisions of. section 203, which was referred to the conciliation commissioner, and the restraining order upon her application previously mentioned was subsequently issued on December 18, 1934. At the time of filing her bankruptcy petition the debtor was evidently in possession of the premises.

The question is, what the court should do under these circumstances.

Section 203, par. (*o*), provides:

"(*o*) Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings *shall not be instituted,* or *if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise,* against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court:

"(1) Proceedings for any demand, debt, or account, including any money demand;

"(2) Proceedings for foreclosure of a mortgage on land, or for cancellation, rescission, or specific performance of an agreement for sale of land or *for recovery of possession of land;*

"(3) Proceedings to acquire title to land by virtue of any tax sale;

"(4) Proceedings by way of execution, attachment, or garnishment;

"(5) Proceedings to sell land under or in satisfaction of any judgment or mechanic's lien; and

"(6) Seizure, distress, sale, or other proceedings under an execution or under any lease, lien, chattel mortgage, conditional sale agreement, crop payment agreement, or mortgage."

It will be noted that under said paragraph (*o*) it is provided that certain proceedings shall not be instituted or maintained if previously instituted, after the filing of the petition invoking the provisions of said section and prior to the confirmation or other disposition of the composition or extension proposal by the court, except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner. Subparagraph 2 of said section (*o*) refers to proceedings for foreclosure on land or for recovery of possession of land. The debtor still being in possession of the land, it is obviously the intention of the respondent to secure such possession independent of the proceeding in bankruptcy, upon the theory that the debtor is no longer the owner of said land or entitled to redeem from the foreclosure sale on account of said period of redemption as to her having expired before the filing of her petition herein. Such contention would seem to be logical but for the somewhat hazy directions of paragraph (*o*). There it is provided that no proceedings shall be instituted or maintained against the farmer or his property during the pendency of the bankruptcy proceeding. I take it that in the broadest scope of the act this may mean any attempt on the part of the creditor to do anything which would jeopardize the rights of the debtor in attempting to compromise his debts or secure an extension of time within which to pay the same. It must be the general purpose of the act according to its terms to protect the debtor in marshaling all claims against him, although perhaps they may not have the full dignity of legal claims. Undoubtedly a bankruptcy court has the jurisdiction and right to allow a creditor to proceed under the first clause of paragraph (*o*), but this would seem to be limited to a petition made to and granted by the judge after hearing and report by the conciliation commissioner. The record fails to show that the conciliation commissioner in this case has reported to the court either that the creditors have agreed upon a plan within the scope of paragraph (g) nor has he reported to the court that such plan has been attempted and has failed. Neither does it appear that the debtor has elected to take advantage of the general bankruptcy statutes under paragraph (s) of section 203. While the act does not specifically direct the conciliation commissioner to report his proceedings with the creditors when it is impossible to carry out a plan of compromise or extension between debtor and the creditors, yet it must be read into the act as one of the necessary provisions in order that a proceeding under the section may not remain in the hands of the commissioner indefinitely, thereby jeopardizing and hampering the creditors in the prosecution of their rights in the premises and, in addition, a report is likewise mentioned in paragraph (*o*). In fact, Supreme Court Rule 4, under section 75 (General Order 50, rule 4, 11 USCA following section 53), specifies that a report shall be made in three months unless the time is extended by the judge. Immediately up-

on such a report being made the respondent would at once be in a position to file his petition with the court to dissolve the restraining order so that he may proceed according to law to recover the possession of the premises. Had the petition for a restraining order been presented to the court prior to the execution and delivery by the sheriff of the deed in foreclosure to the respondent, the court would have had authority and jurisdiction to restrain under the logic of the holding of this court in the case of In re Raymond Dickinson, 9 F. Supp. 227. Here the step is but one degree farther removed in restraining the respondent from dealing further with the property until the conciliation commissioner and the court have had the opportunity to take into consideration all the equities of the debtor and her creditors, with the view to securing a compromise or extension within the purview of the act. It therefore becomes a question in this case as to whether or not under the wording of the statute the court has the right to dissolve the restraining order prior to the report of the conciliation commissioner, either recommending a plan or a report that no such plan can be effected, or that the debtor has invoked the provisions of paragraph (s). Even if the court should determine upon the facts and the pleadings here that the respondent is entitled to the rights which he asserts under the foreclosure proceedings, under the wording of paragraph (o), the court would not be authorized to make an appropriate order until after the report of the commissioner. This construction would seem to be the only way in which effect can be given to all the provisions of section 203. This analysis leads to the conclusion that the restraining order should not be dissolved at the present time, neither should the deed from the sheriff be set aside, but that the matter should be held in statu quo; right being reserved to the respondent, after a hearing and report of the conciliation commissioner or after a filing under paragraph (s), to petition the bankruptcy court to dissolve the restraining order. Likewise the respondent, in the event there is undue delay by the conciliation commissioner in reporting to the court, could invoke the aid of the court in requiring such a report to be filed promptly.

The petition to dissolve the restraining order at this time will therefore be denied, likewise the application of the debtor to set aside the sheriff's deed, and an order may be entered accordingly and reserving the right to the respondent to file an appropriate petition in the bankruptcy proceeding after a hearing and report by the conciliation commissioner, or after a filing under paragraph (s) to dissolve the restraining order and confirm respondent's deed to the premises.