## HOYD v. CITIZENS BANK OF ALBANY CO.

### No. 7112.

Circuit Court of Appeals, Sixth Circuit.
March 12, 1937.

Elmer McClain, of Lima, Ohio, for appellant.

Roger J. Jones, of Athens, Ohio (Jones, Jones & Erskine, of Athens, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from an order of the District Court dissolving a restraining order issued in a proceeding filed under section 75(a) to (r) of the Bankruptcy Act, 47 Stat. 1470.[1] An action had previously been filed in the state court to foreclose a mortgage upon some 226 acres of farm land and a foreclosure decree had been entered in favor of appellee (the mortgagee), and sale had been ordered. Appellee bought in the property at the foreclosure sale. Before confirmation of sale by the state court, appellant (the mortgagor) filed his debtor's petition in the District Court, which approved it in an order, the material part of which is as follows:

"* * * the petition of Andrew Hoyd praying that he be afforded an opportunity to effect a composition or extension of time to pay his debts under section 75 of the Bankruptcy Act, having been heard and duly considered, is approved as properly filed under said section."

The court thereupon ordered that the matter be referred to a conciliation commissioner, and at the same time issued an order restraining further proceedings in the state court. This injunction was later vacated upon motion of appellee.

Appellant claims that the injunction was improperly dissolved because section 75(o), 11 U.S.C.A. § 203(o) provides for a stay of foreclosure proceedings and of sales under mortgage until after hearing had and report by the commissioner.

Appellee urges (1) that the debtor cannot avail himself of the privileges of the act because he has no "property," and (2) that since the foreclosure action was filed previously to the filing of the farmer-debtor petition, the state court has exclusive jurisdiction.

The controlling subsections are (n) and (o) of section 75, the material parts of which read as follows:

"(n) The filing of a petition pleading for relief under this section shall subject the farmer and his property, wherever located, to the exclusive jurisdiction of the court. In proceedings under this section, except as otherwise provided herein, the jurisdiction and powers of the court,

[1] Section 75 (a) to (r) is that part of the Bankruptcy Act which provides for agricultural compositions and extensions. Subsection (s) of this Act (the Frazier-Lemke Law) was held unconstitutional in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, but subsections (a) to (r) were not considered in that case. Subsection (n) was amended after this petition was filed. 49 Stat. 942, title 11, Section 203, subsection (n), U. S.C. (11 U.S.C.A. § 203 (n).

the title, powers, and duties of its officers, the duties of the farmer, and the rights and liabilities of creditors, and of all persons with respect to the property of the farmer and the jurisdiction of the appellate courts, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the farmer's petition or answer was filed." 47 Stat. 1473.

"(o) Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court: * * *

"(2) Proceedings for foreclosure of a mortgage on land; * * *

"(6) Seizure, distress, sale, or other proceedings under an execution or under any lease, lien, chattel mortgage, conditional sale agreement, crop payment agreement, or mortgage." 11 U.S.C.A. § 203(o).

■ No hearing has been held before the commissioner, and no report has been made by him to the court. Hence the prerequisites for securing leave of court to proceed with the sale are lacking. Subsection (o) squarely applies, and is mandatory. In re O'Brien, 78 F.(2d) 715 (C. C.A.2). If the debtor's interest in the mortgaged premises is subject to the jurisdiction of the federal court, the injunction was improperly dissolved. Appellant's rights for the purposes of this case are to be considered as of the time of the filing of the petition (subsection (n), and if he had property at that time, he is entitled to relief under this statute.

■ The term "property" is not defined in the enactment. It is unlimited by any qualifying phrase, and doubtless was used in its ordinary sense as interpreted in the various decisions of the federal and state courts. Property is a nomen generalissimum and extends to every species of valuable right and interest, including real and personal property, easements, franchises, and other incorporeal hereditaments. Lucas v. Schneider, 47 F.(2d) 1006 (C.C.A.6).

■ Since the land is situated in Ohio, the Ohio statutes and decisions control.

■ Whatever interest appellant had in these premises at the time of filing his petition must be determined in light of the fact that the sale had not then been confirmed and his right to redeem had not been barred. Section 11690, General Code of Ohio.[2] Appellant claims that this interest is an equity of redemption and constitutes a substantial estate in the land. On behalf of appellee it is urged that whatever right appellant has is a personal right only, carrying with it none of the incidents of property.[3] Such a right, called the "statutory right of redemption," arises after completion of sale on foreclosure. Its inception, its duration and its exercise depend entirely on the terms of the statute which creates it.

The common law right to redeem, recognized by section 11690, General Code, differs essentially from the statutory right to redeem. This statutory right, which in certain states is held to be personal only, is in addition to the right to redeem which is inherent in and an accompaniment of the equity of redemption considered as an estate. The Ohio statute does not extend the common law equity of redemption into a statutory right of redemption. No additional time is given after completion of the sale, in which the mortgagor may redeem. The statute merely sets the time of confirmation of sale as the point at which the equity of redemption is cut off.

■ The Ohio courts have repeatedly recognized that the equity of redemption includes both the right to redeem and the substantial estate of the mortgagor. They hold that this estate exists not only from the execution of the mortgage until condition broken, but also between the time

---

[2] Section 11690, General Code, provides that in sales of real estate on execution or order of sale, at any time before the confirmation thereof the debtor may redeem.

[3] Cf. Lewis v. McBride, 176 Ala. 134, 57 So. 705; Wissmath Packing Co. v. Power Co., 179 Iowa, 1309, 162 N.W. 846, L.R.A.1917F, 790; Allison v. Cody, 206 Ala. 88, 89 So. 238; Higgs v. McDuffie, 81 Or. 256, 157 P. 794, 158 P. 953; Reisenberg v. Hankins (Tex.Civ. App.) 258 S.W. 904; Jones on Mortgages (8th Ed.) § 1335.

of condition broken and of sale. McArthur v. Franklin, 16 Ohio St. 193; Sun Fire Office of London v. Clark, 53 Ohio St. 414, 42 N.E. 248, 38. L.R.A. 562; Commercial Bank & Savings Co. v. Woodville Savings Bank Co., 126 Ohio St. 587, 186 N. E. 444.

■ As sale in Ohio is not complete until valid confirmation (Section 11690, General Code; Richland County Mut. Insurance Co. v. Sampson, 38 Ohio St. 672), appellant at the time he filed his petition had an equity of redemption consisting of an estate and not of a mere right to redeem. Under Ohio law this constitutes property.

■ The equity of redemption in Ohio is a substantial estate subject to dower (Taylor v. Fowler, 18 Ohio, 567, 51 Am. Dec. 469; McArthur v. Franklin, supra); to conveyance and judicial sale (Childs v. Childs, 10 Ohio St. 339, 75 Am. Dec. 512; Hopkins v. Clyde, 71 Ohio St. 141, 72 N.E. 846, 104 Am.St.Rep. 737, 1 Ann.Cas. 1000), and descendible to the heirs upon the death of the mortgagor (Bank of United States v. Piatt's Heirs and Adm'rs, 5 Ohio, 540, 541; Robinson v. Fife, 3 Ohio St. 551; Martin v. Alter, 42 Ohio St. 94, 98). It constitutes a real and beneficial estate descendible by inheritance and only alienable by deed (McArthur v. Franklin, supra), and is an insurable interest in land (Richland County Mut. Insurance Co. v. Sampson, supra; Sun Fire Office of London v. Clark, supra). If the confirmation of sale is unauthorized or is refused, the purchaser at judicial sale obtains no vested right (24 Ohio Jurisprudence, 79; 27 Ohio Jurisprudence, 727, 728; Richland County Mut. Insurance Co. v. Sampson, supra). The latest expression of the Ohio Supreme Court as to the equity of redemption is found in Commercial Bank & Savings Co. v. Woodville Savings Bank Co., supra, which holds that "The right to rents and profits of real estate follows the legal title. Consequently a mortgagor in possession is entitled to the rents and profits of the real estate, as an incident of possession of the equity of redemption, and they may be collected by such mortgagor until his equity of redemption expires."

■ We conclude that as the sale had not been confirmed at the time of filing the petition, appellant's equity of redemption had not been barred, and that it constituted "property" which was subject to the jurisdiction of the federal court under subsection (n). The foreclosure proceedings and the proceedings for sale thereunder were therefore stayed by the operation of subsection (o).

■ As to appellee's contention that the state court has exclusive jurisdiction of the foreclosure proceedings, we do not consider that Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060, and similar decisions are here controlling. It cannot be doubted that the Congress, when acting within its valid legislative powers, has power under the bankruptcy clause of article 1, section 8, of the United States Constitution, to stay proceedings in state courts. Since the statute specifically covers proceedings "instituted at any time prior to the filing of the petition under this section" (11 U.S.C.A. § 203(o), it governs the foreclosure proceedings in the instant case. The prerequisite to proper dissolution of the restraining order was that a petition should be made to and granted by the judge after hearing and report by the conciliation commissioner. Appellee could have insisted upon a report from the conciliation commissioner; but it took no such action. Appellee might also have applied for advancement of its case in this court. It made no effort to do either. Cf. In re Wogstad (D.C.) 10 F.Supp. 349.

The debtor was clearly entitled to a restraining order to prevent the sale being confirmed and his equity of redemption being cut off before the proceedings in the federal court had been consummated. Hence the injunction should not have been dissolved.

The court is informed that subsequent to the vacation of the restraining order the sale was confirmed. This fact does not appear in the record; but in any event, under the mandatory provisions of subsection (o), all proceedings in the foreclosure action, including sale, were stayed after the filing of the debtor's petition, and were of no effect.

The order of the District Court is reversed and the case is remanded for further proceedings consistent herewith.