## In re BYERLY.
### No. 10984.

District Court, S. D. Ohio, E. D.
April 16, 1937.

Elmer McClain, of Lima, Ohio, for debtor.

Ralph G. Martin, of Columbus, Ohio, and Crane & Willett, of Detroit, Mich., for Union Joint Stock Land Bank of Detroit.

UNDERWOOD, District Judge.

This is a proceeding under section 75 of the Bankruptcy Act, as amended 47 Stat. 1470, 11 U.S.C.A. § 203 and note. Carl Byerly was the owner of a certain farm which had been mortgaged to the Ohio-Pennsylvania Joint Stock Land Bank of Cleveland. Upon the default of said mortgagor under the terms of the mortgage, a suit in foreclosure was filed by the bank in common pleas court of Madison county, Ohio, September 1, 1932. Judgment was rendered against the mortgagor in favor of the bank and the farm was advertised for sale under order of the state court.

Just prior to the sale, Byerly filed his petition in this court under section 75 of the Bankruptcy Act, as amended. A restraining order issued out of this court directing the sheriff of Madison county to proceed no further with the sale until further order of the court.

Upon application of the bank, and before any hearing had been held by the conciliation commissioner or any report had been made by the commissioner, my predecessor, Judge Hough, granted a modification of the restraining order permitting the sheriff to proceed with the sale, but specifically prohibiting confirmation, delivery of deed, or passage of title. The sale was held under the order as modified and said farm was purchased by the bank, further proceedings being stayed in accordance with the terms of said order.

The case was then referred to a conciliation commissioner, creditors' meetings were held, and the debtor's offer of composition was rejected. This fact the commissioner reported to the court February 11, 1935. On the same day, the petitioner, by leave of court, amended his petition under subsection (s), 48 Stat. 1289, 11 U.S.C.A. § 203(s) and note and was adjudicated a bankrupt. At this stage of the proceedings, the Supreme Court of the United States held subsection (s) unconstitutional in the Radford Case (Louisville Joint Stock Land Bank v. Radford), 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106. Whereupon the debtor applied to this court asking that his petition and amended petition be dismissed upon the ground that his offer of composition had been rejected and that the subsection under which his proceeding was then pending had been declared unconstitutional. An order dismissing the proceedings was entered by the court August 26, 1935, with the approval of debtor's counsel. The bank then secured confirmation of the sheriff's sale; a deed was executed and delivered by the sheriff and it was recorded September 11, 1935, in the records of Madison county.

After the act was amended and a new subsection (s) added (11 U.S.C.A. § 203(s), the debtor filed his application herein for reinstatement September 24, 1935. In his application the debtor alleged that he had been informed by the bank that, unless his proceedings in this court were dismissed, the bank would complete its foreclosure proceedings in the state court; that he asked dismissal solely for this reason, think-

ing it the only way to save his farm. The debtor further alleged that, upon changing counsel, he found that the dismissal requested, upon advice of his first counsel, was the circumstance which made the confirmation of the sale possible. A motion was filed by the bank to dismiss said application for reinstatement upon three grounds; that the new subsection (s) is unconstitutional; that it could not apply, since title had passed prior to the application for reinstatement; and that it could have no application, since the debtor did not possess and hold the property in question at the time of filing his application.

Said application for reinstatement was set for hearing October 11, 1935, by my predecessor, Judge Hough, "on motion to dismiss, raising question of validity of new amendment passed," together with several similar cases. Subsequently Judge Hough died and Judge Nevin found the act as amended constitutional, and an entry to that effect was made May 21, 1936. It is considered that reinstatement became fully effective at that time, although, if it be considered that reinstatement became effective on September 23, 1935, as contended by the debtor, the position of the debtor is not changed, inasmuch as reinstatement took place after confirmation of the deed and after delivery and record.

The bank filed its motion for an order of disclaimer in its favor of the mortgaged premises purchased by it in the foreclosure proceeding conducted in the state court. The motion for an order of disclaimer was granted by this court October 9, 1936. The debtor filed his petition herein October 26, 1936, praying for a rehearing upon the motion of the bank. The matter was orally argued to the court and briefs were submitted by both parties.

In support of his petition, the debtor urges that a motion is pending in the state court to have confirmation, order for deed, and the deed of the sheriff, set aside and held for naught. The motion was overruled by the state court and, although consel for the debtor has expressed his intention to perfect his appeal therefrom, it is not considered that either the pendency of such appeal or the prospective action of the state courts is determinative of the question now before this court.

■ As a second ground, the debtor alleges that his case was dismissed because of the unconstitutionality of section 75(s);

and, for that reason, should be reinstated as a matter of course under the new subsection (s). The order of dismissal entered by this court affirmatively shows that dismissal was ordered upon three grounds; request of the debtor, failure to reach a composition agreement with his creditors, and the unconstitutionality of the former subsection (s). However, this contention is not material, since this court has previously held that reinstatement was effective, but that reinstatement in this court, under the circumstances, did not, and could not, bring the property to which title had passed within its jurisdiction. The contention of the debtor, while in form complaining of a supposed denial of reinstatement, which does not exist, is in reality a complaint against the inability of this court to retake into its jurisdiction property which has passed irrevocably from it.

■ For his third ground, the debtor alleges that his request for dismissal was based upon a misrepresentation made to him by agents or attorneys for the bank, that foreclosure in the state court would proceed unless he had his case in this court dismissed. This ground has been heretofore considered by this court and held not to be well taken. The allegation amounts in fact to a charge of misrepresentation of law. Perhaps it is sufficient to say that the debtor was represented by counsel who approved the order of dismissal, yet, in the oral argument, it is asserted that he relied upon advice of attorneys for the bank. If that be true, he was certainly without right to do so, but, if he so chose, he cannot now be heard to complain of his choice. Were the court to hold otherwise, it would be a simple matter for a party to place himself in position where he would always be sure of endless recourse by simply claiming that he conferred with attorneys for the opposition and in some measure relied upon their advice rather than that of his own counsel. Many cases have been cited by counsel for the debtor in support of his claim that where one knowing the law, deceives one not knowing the law, relief will be granted. Such cases have no application where one represented by counsel chooses to rely upon the advice of others.

■ As a fourth ground, the debtor alleges that there was an understanding between his counsel and the bank to the effect that foreclosure would not be proceeded with,

if the case in this court was dismissed. But he further asserts that he learned of the alleged agreement two days after dismissal, August 28, 1935. It is obvious that he did not rely upon that representation when he requested dismissal on August 26th. If there was a valid and binding agreement, the debtor has his proper remedy, but it does not appear to be by an attack upon dismissal at his request nor by complaint here against the subsequent and inevitable misfortunes following it.

The fifth ground urged includes two allegations: First, that the order of disclaimer should have provided for the return of the farm in question to the jurisdiction of this court, in case the deed executed by order of the state court should be set aside by that court. Upon disagreement between counsel, this court entered what it considered to be a proper order and the court is still of that opinion.

The second allegation of the fifth ground is, that the modification of the restraining order granted by my predecessor was contrary to law, and the proceedings of the state court therefore without effect. It is this allegation which it is deemed necessary to consider at some length.

Section 75(n), 47 Stat. 1470, 1473, 11 U.S.C.A. § 203(n) and note, provides that the filing of the farmer-debtor's petition or answer shall immediately subject the farmer and all his property to the exclusive jurisdiction of the court. Subdivision (o) 11 U.S.C.A. § 203(o) provides that, except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, certain proceedings shall not be instituted, or, if theretofore instituted, shall not then be maintained. The proceedings forbidden include proceedings for the foreclosure of a mortgage on land and proceedings to sell land under or in satisfaction of any judgment. It is quite evidently the intent of the law that the status quo shall be maintained until the commissioner has had an opportunity to fully investigate and report his findings to the court.

In the instant case foreclosure had been completed, the decree had issued, and advertising published before the debtor filed his petition herein. The only authority granted by the modified order of this court was for the sheriff to conduct the sale, which amounted to no more than receiving bids, all authority to pass title being expressly withheld. No change was authorized or permitted by this court in the status of the debtor or his property. The following quotation from the brief of the debtor may be cited as authority: "24 Ohio Jurisprudence, Judicial Sales, section 105, page 79. The purchaser obtains no vested right until after the sale is confirmed, and, if the confirmation is refused, the rights of the purchaser fall to the ground. A bid, though the highest, being but an offer to purchase, subject to the approval or disapproval of the court, the accepted bidder whose bid has been returned to the court as the best offered acquires by the mere acceptance of his bid no independent right to have his purchase completed, but is merely a preferred proposer until confirmation of the sale by the court. By acceptance of his bid, and the subsequent confirmation of the same by the court, the bidder becomes the purchaser in the full sense of the term, and the substantial owner of the property sold, with the right of possession, though his right. may not be asserted against the former owner until the due execution of a deed."

Therefore the modification granted by this court did no more than authorize the sheriff to accept bids, while at the same time holding the debtor and his property within the jurisdiction of this court and maintaining the status quo. No injury or prejudice to the debtor resulted; nothing happened to change the relation between the debtor and his property until August 26, 1935, when the debtor, by his own act, removed both himself and his property from the jurisdiction of this court. It was the order of dismissal, not the order of modification, which permitted the bank to proceed with its foreclosure sale. This fact is supported by the following quotation from debtor's memorandum filed July 2, 1936: "The farmer debtor, Byerly, immediately consulted other counsel and for the first time learned that it was his consent to the dismissal in the federal court which permitted the Common Pleas Judge to confirm the sheriff's sale and the sheriff to deliver the deed"; and from his application for reinstatement filed September 24, 1935: "whereupon he consulted other counsel and for the first time learned that instead of it being necessary to dismiss said case in this court number 10984 in order to prevent the sale of his real estate in said common pleas court it was the dismis-

sal thereof which allowed the said sale to be consummated."

It is noted also, that the order of modification complained of was entered November 23, 1934, and no objection was made thereto by the debtor prior to his voluntary dismissal August 26, 1935, a period of approximately nine months within which any valid objection could have been made and acted upon. But the first objection to such modification appearing in the record is found in the debtor's petition for rehearing filed October 26, 1936, nearly two years after the order complained of. Prior to that time, the debtor rested his claims upon the alleged irregularities involved in the dismissal. Even going to the extent of admitting estoppel, if the dismissal were found to be regular, as evidenced by the following quotation from his memorandum of July 2, 1936: "If the farmer debtor, knowing what he was doing, had consented to the dismissal of his federal court proceedings and permitted the sheriff's sale to be confirmed and the deed delivered by the sheriff he would be estopped to invoke the provisions of the new section 75(s)."

Now by a complete reversal of reasoning, it is here contended that not only is the debtor not estopped by his dismissal which this court has held to be regular, but it is contended that the state court was without jurisdiction because of the order of modification. It must be conceded, however, that the courts of the state of Ohio do have jurisdiction in foreclosure matters, subject to the paramount bankruptcy jurisdiction of the federal courts. It must be conceded also, that the state court had jurisdiction when it entered its decree in foreclosure before the debtor filed his petition herein, and, when, after dismissal in this court, the sale was confirmed and deed ordered. The only part of the proceeding which could possibly be questioned is the taking of bids by the sheriff at the so-called "sale," and that was done under, and subject to, the paramount federal jurisdiction.

It is apparent also, that the bank would have been free to proceed with its completion of the foreclosure sale, after dismissal in this court, regardless of whether or not the order of modification had been issued. It may be considered also, that the debtor had exhausted his remedy under all subdivisions of the act to subsection (s), and, if neither the order of dismissal nor the order of modification had been entered, the case could have been dismissed upon motion of any interested party after subsection (s) had been declared unconstitutional, resulting also in completion of the foreclosure sale.

The case of Hoyd v. Citizens Bank of Albany Company, 89 F.(2d) 105, decided by the United States Circuit Court of Appeals, Sixth Circuit, March 12, 1937, is cited by the debtor as controlling herein, but that case is clearly distinguishable from the one under consideration. In the Hoyd Case, an injunction had been issued by the court after sale and before confirmation. Then the court, without hearing or report of the conciliation commissioner dissolved the injunction, permitting confirmation; the final and specific act by the state court which terminated the rights of the debtor in his property and rendered all further efforts under section 75 (47 Stat. 1470, 11 U.S.C.A. § 203 and note) in the federal court useless and impotent. The sole question in that case was whether or not the federal court could permit the final act, confirmation, by dissolving its injunction before hearing and report of the commissioner.

In the instant case, the court did not dissolve its injunction; it did not permit the relation of the debtor to his property to be disturbed; it permitted no sale, in any true sense of the word; nor did the court surrender jurisdiction over either the property or the debtor. In the Hoyd Case, the act which permitted confirmation, cut off the debtor's rights, and left him without recourse, was the act of the court in dissolving its injunction. In the instant case, the act which removed the property of the debtor from the jurisdiction of this court, permitted confirmation, and brought injury to the debtor, was his own act requesting dismissal. No voluntary dismissal was involved in the Hoyd Case.

The question of sale was not before the Circuit Court of Appeals in the Hoyd Case except in so far as sale meant confirmation and the actual passage of title. Sale in the sense in which it took place in the Byerly Case, being the formal acceptance and offer of bids, preceded the filing of Hoyd's petition under § 75 and could not have been in contemplation of the upper court in that case.

After careful consideration, this court finds that said debtor's petition for a re-

hearing ought to be, and the same hereby is, denied.

Entry accordingly.