BOTEK ET AL., APPELLEES, *v.* SOCHA ET AL., APPELLANTS.

(No. 627—Decided November 21, 1938.)

*Messrs. Bowman & Hanna,* for appellees:
*Mr. Elmer McClain,* for appellants.

476

CARPENTER, J. This is an appeal on questions of
law. The only legal question before this court is
whether a sheriff's sale in foreclosure of a farm mort-
gage held during the pendency of a farmer-debtor pe-
tition for composition filed by the judgment debtor un-
der Section 75 of the Bankruptcy Act had any validity
and could be confirmed after all proceedings in the
bankruptcy court had been dismissed. The trial court
confirmed the sale and granted to the purchaser, the
judgment creditor and appellee here, a writ of assist-
ance which the debtors, appellants here, by motion,
asked that court to recall. Holding the sale valid, the
court denied that motion, and from the order denying
it this appeal was taken.

A few dates in the history of this case are important
to an understanding of this question:

January 5, 1935, after default of answer, a decree
of foreclosure was entered; January 7th an order of
sale was issued and the first publication of notice of
sale, which was set for February 12th, was made
January 12th. January 23rd, the appellant, Joseph
Socha, the owner of the farm in question, filed his pe-
tition in the bankruptcy court, and February 11th, the
day before the day set for the sale, he filed in the trial
court a motion which recited that on January 23rd
"he filed his voluntary petition and schedules as a
debtor under Section 75 of the United States Bank-
ruptcy Act" and moved the court "that any sale of the
real estate involved in this foreclosure action be held
in *abeyance* in accordance with the provisions of said
Section 75, U. S. Bankruptcy Act."

The briefs of counsel state and it is not disputed that
when the compromise was not accomplished under the
appellant's first petition, the appellants filed another
in the bankruptcy court under the Frazier-Lemke law
and on March 19, 1938, this was dismissed by that
court, and the stay of proceedings in the state court

was vacated. March 26, 1938, the sale had on February 12, 1935, was confirmed and a deed was executed to the appellee. March 31, 1938, the writ of assistance was issued and April 30, 1938, at a term of court subsequent to that of March 31, 1938, appellants by motion asked the recall of that writ, which was denied.

The specific question is: Could that sheriff's sale be confirmed? If it was void it could not be confirmed and the attempted confirmation was likewise void and could be attacked, as it was by motion to recall the writ of assistance; if it was merely voidable, it was good until invalidated by proper proceedings and a motion filed in a subsequent term of court would not reach it.

The material parts of subsections (n) and (o) of Section 75 of the Bankruptcy Act, Title 11, Section 203, U. S. Code, read as follows:

"(n) The filing of a petition * * * praying for relief under this section, shall immediately subject the farmer and all his property, wherever located, * * * to the exclusive jurisdiction of the court. * * *

"In proceedings under this section, except as otherwise provided herein, the jurisdiction and powers of the courts, the title, powers, and duties of its officers, the duties of the farmer, and the rights and liabilities of creditors, and of all persons with respect to the property of the farmer and the jurisdiction of the appellate courts, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the farmer's petition * * * was filed."

"(o) Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of

the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court: * * *

"(2) Proceedings for foreclosure of a mortgage on land, or for cancellation, rescission, or specific performance of an agreement for sale of land or for recovery of possession of land; * * *

"(5) Proceedings to sell land under or in satisfaction of any judgment or mechanic's lien * * *."

Prior to confirmation of the sale, the appellant, Joseph Socha, had an equity of redemption in the farm, and that equity was "property" within the meaning of subsection $(n)$, and on the filing of his petition in the federal court January 23, 1935, Socha and his "property" were "immediately subject * * * to the exclusive jurisdiction of the [federal] court." *Hoyd* v. *Citizens Bank of Albany County*, 89 F. (2d), 105. Subsection $(o)$ is mandatory in saying that "proceedings for foreclosure of a mortgage on land" and "to sell land under or in satisfaction of any judgment * * * shall not be maintained" after petition for composition is filed. In other words, from January 23, 1935, proceedings under the order of sale were stayed; the state court lost its jurisdiction over the debtor and his property. *Hoyd* v. *Bank, supra*.

Whether the filing of such petition for a composition automatically operated to effect such stay is not involved herein because the appellant Socha by his motion of February 11, 1935, which he filed in the office of the clerk of the state court, and which was entered on the appearance docket under this case, called to the attention of that court and all of its agencies, including the sheriff and the parties to the case, the fact that such petition had been filed. *Hoyd* v. *Bank, supra*. Under such circumstances the sheriff had no power to conduct the sale, and the plaintiff therein had no right to purchase at that sale. Such sale had no validity

and was void, and the attempted confirmation, and the writ of assistance on it granted, were likewise void. The trial court, therefore, erred in denying the appellants' motion to recall that writ. That order is reversed, the recall motion is granted, and the cause is remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

LLOYD and OVERMYER, JJ., concur.