## In re BYERLY.

### BYERLY v. UNION JOINT STOCK LAND BANK OF DETROIT.
#### No. 7854.

Circuit Court of Appeals, Sixth Circuit.
Sept. 18, 1939.

Elmer McClain, of Lima, Ohio (Elmer McClain, of Lima, Ohio, on the brief), for appellant.

Ralph G. Martin, of Columbus, Ohio (A. G. Masters, of Detroit, Mich:, and Ralph G. Martin, of Columbus, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

Appeal from three orders in the matter of Carl Byerly, Farmer Debtor, Bankrupt, under Sec. 75(s) of the Bankruptcy Act, as amended by Act of August 28, 1935, § 6 (U.S.C., Title 11, § 203(s), 11 U.S.C.A. § 203(s).

The first order, entered October 22, 1936, adjudged that all right, title and interest of appellant Byerly in certain real estate (his farm) be disclaimed in favor of appellee, Union Joint Stock Land Bank. The second, entered May 8, 1937, denied appellant's motion for a rehearing upon the first; and the third, entered May 27, 1937, denied appellant's motion to refer the proceedings to a conciliation commissioner. The issue is, whether appellant had a property right in the farm when the court entered the order of disclaimer, or whether such right had been previously divested, during the pendency of his farmer debtor petition, by sheriff's foreclosure sale prior to reference to a conciliation commissioner, with confirmation after such reference.

Since 1924 the Bank, or its assignor, had held a mortgage upon the farm. Appellant became delinquent and on October 19, 1933, the Bank brought foreclosure proceedings in a Court of Common Pleas. On April 26, 1934, a decree of foreclosure and an order of sale were entered. The sale was fixed for November 24, 1934.

On November 19 appellant filed his petition under Sec. 75 of the Bankruptcy Act, Title 11, U.S.C. § 203, 11 U.S.C.A. § 203, for a composition or extension of time within which to pay his debts and receive the benefits of the Frazier-Lemke Act, Act of June 28, 1934, 48 Stat. 1289,

11 U.S.C. § 203(s), 11 U.S.C.A. § 203(s), and obtained an order restraining the sale. However, on oral application of the Bank, the court, on November 23, modified the restraining order to permit the sheriff to proceed with the sale; but ordered "that any proceedings or acts subsequent to the sale of said premises, particularly confirmation thereof, or the transfer of any title or deed thereunder be and the same are hereby enjoined and stayed until the further order of this court, in accordance with the order of November 19, 1934, except as the same is herein modified. * * *"

On December 14, 1934, the court approved appellant's petition and referred the matter to a conciliation commissioner who held meetings on January 8 and 24 of 1935. The Bank was the only creditor present and at the second meeting rejected an offer of composition made by appellant. Whereupon on February 11 the Commissioner reported that appellant had failed to obtain the acceptance of a majority in number and amount of all creditors whose claims were filed and allowed.

On the same date appellant amended his petition and asked to be adjudged a bankrupt under Sec. 75(s) of the Bankruptcy Act. Adjudication immediately followed and the matter was referred to a referee.

On May 27, 1935, the Supreme Court declared Sec. 75(s) unconstitutional (Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106) and on August 26 thereafter, upon application of appellant, his petition and amended petition were dismissed because Sec. 75(s) had been found by the Supreme Court to be unconstitutional.

On September 10 the Bank, which had been the purchaser at the foreclosure, applied to and obtained from the State court a confirmation of the sale. The sheriff's deed issued and was recorded the next day. Meanwhile, on August 28, 1935, Congress amended Sec. 75(s), subsection (5) thereof, providing that "all cases that have been dismissed by any * * * court because of the Supreme Court decision, holding the former subsection (s) unconstitutional, shall be promptly reinstated, without any additional filing fees or charges. * * *" The constitutional validity of this amendment was upheld in Wright v.

Vinton Branch Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455.

Pursuant to this amendment, appellant on September 24, 1935, applied for reinstatement, rehearsing the above facts, and alleging that he had petitioned for the dismissal entered August 26, 1935, because the Bank had represented that unless he dismissed the proceedings it would foreclose; that, relying thereon and believing that this was the only way foreclosure could be prevented, he consented to the dismissal; that the Bank, contrary to its representations, proceeded to obtain confirmation of the sale to it, accepting the delivery of the deed and recording same; and that it was not until he consulted other counsel that he realized he had paved the way for the confirmation of the sale by the order of dismissal. Appellant concluded his application with the prayer that the Bank be restrained, "from in any manner disposing of, deeding, mortgaging, encumbering" (the farm) "or contracting to do so, until further order of this court."

The proceeding was reinstated on September 24, 1935, and on May 8, 1936, the Bank moved for an order of disclaimer, alleging that appellant's application for reinstatement was filed after the confirmation of the foreclosure sale on September 10, and the execution and recordation of the deed on the following date. The court issued the order of disclaimer. It held that when the sale of the farm was confirmed by the Court of Common Pleas no proceeding was pending in the bankruptcy court and that the court was therefore without jurisdiction over the farm; that the reinstatement did not give the court further jurisdiction over it and that jurisdiction had passed with the entry of dismissal on August 26, 1935.

Appellant contends that he had an interest in the farm at the time his case was reinstated because the court was unauthorized under subsections (n) and (o) (2) and (6) of Sec. 75, 47 Stat. 1470, to modify its restraining order of June 28, 1934, to permit the sheriff to make the sale for the reason, that the conciliation commissioner had not then conducted a hearing or filed a report. Pertinent portions of these subsections follow:

"(n) The filing of a petition pleading for relief under this section shall subject the farmer and his property * * * to the exclusive jurisdiction of the court. * * *"

"(o) Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court * * *

"(2) Proceedings for foreclosure of a mortgage on land * * *

"(6) Seizure, distress, sale, or other proceedings under an execution or under any * * * mortgage." 47 Stat. 1470, 11 U.S.C., § 203(n) and (o), 11 U.S.C.A. § 203(n, o).

We think that the order modifying the original restraining order to permit the sheriff to proceed with the sale was void. It was made prior to the appointment of a conciliation commissioner and of course prior to any hearing and report by him. The sheriff's sale was an essential step in the proceeding for foreclosure, and the court was not only unauthorized to allow it but its allowance was expressly prohibited by subsection (o) of Sec. 75. The order lay without the scope of the court's jurisdiction.

The order to one side, the sale by the sheriff was void because it was likewise prohibited by subsections (2) and (6) of Section (o). See Hoyd v. Citizens Bank of Albany Co., 6 Cir., 89 F.2d 105, 108. The facts in that case differ somewhat from those presented here but the sections of the statute there construed, namely, subsections (n); (o) (2) and (6) of Sec. 75 are the same. In the Hoyd case, we said that the application of subsection .(o) was "mandatory." In commenting upon the confirmation of the sale subsequently to the vacation of the restraining order, this court in that case said: "* * * in any event, under the mandatory provisions of subsection (o), all proceedings in the foreclosure action, including sale, were stayed after the filing of the debtor's petition, and were of no effect." (Italics ours.)

The appellant and his farm were in the exclusive jurisdiction of the bankruptcy court from the filing of his petition on November 19, 1934 [subsection (n) above quoted; Hoyd v. Citizens Bank, supra, 89 F.2d at page 107], until the peti-

tion and amended petition were dismissed on August 26, 1935.

We think that the Bank's deed was also void. It was based upon the confirmation of the sale not only unauthorized but specifically prohibited [subsection (o)]. Confirmation was essential to the validity of the Bank's title (Hoyd v. Citizens Bank, supra, 89 F.2d at page 108) but there can be no valid confirmation of a void sale. In Mitchell v. St. Maxent's Lessee, 71 U.S. 237, 242, 18 L.Ed. 326, the court said: "Void process confers no right on the officer to sell, and all acts done under it are absolute nullities."

In Shriver's Lessee v. Lynn, 43 U.S. 43, 59, 11 L.Ed. 172, it was said: "The sale being without authority, the ratification of it by the court must be considered as having been given inadvertently. If given deliberately and on a full examination of all the facts, still it must be regarded as an unauthorized proceeding. There was no case before the court—nothing on which its judgment could rest."

In Thatcher v. Powell, 19 U.S. 119, 125, 5 L.Ed. 221, it was said: "That no individual or public officer can sell, and convey a good title to, the land of another, unless authorized so to do by express law, is one of those self-evident propositions to which the mind assents, without hesitation; * * *."

It is urged that the decree of confirmation, unappealed from, is valid as against collateral attack, but this rule has no application. We are dealing with something more than a mere error in the judgment of the state court. If that were all, the decree of confirmation would be binding. We are confronted with the lack of the court's power to confirm the sale. The power being absent, the confirmation was a nullity and may be declared such, collaterally. Voorhees v. United States Bank, 35 U.S. 449, 473, 9 L.Ed. 490; Thompson v. Tolmie, 27 U.S. 157, 163, 7 L.Ed. 381. The confirmation being void for want of authority to make it, barred nobody, bound nobody and justified no action thereunder. It is elemental that the question of the jurisdiction of the state court, i. e., its power to act, may be inquired into here. Elliott v. Peirsol, 26 U.S. 328, 7 L.Ed. 164; Hickey v. Stewart, 44 U.S. 750, 761, 11 L.Ed. 814.

We think that appellant has never been divested of his property rights in the farm and that the bankruptcy court had exclusive jurisdiction [subsection (n)] at the time the order of disclaimer was entered. The order is therefore set aside and the case remanded for further proceedings consistent herewith.