## McFARLAND v. WEST COAST LIFE INS. CO. et al.

### No. 9288.

Circuit Court of Appeals, Ninth Circuit.

June 5, 1940.

Rehearing Denied July 17, 1940.

Chellis M. Carpenter, of San Francisco, Cal., for appellant.

Francis V. Keesling, Charles R. Wayland, John G. Eliot, Francis V. Keesling, Jr., and Keesling, Wayland & Eliot, all of San Francisco, Cal., and H. W. McGowan, of Willows, Cal., for appellees.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from an order authorizing the sale of property of appellant, a farmer debtor, under a trust deed wherein a creditor, the West Coast Life Insurance Com-

pany, is beneficiary, and its coappellee is trustee.

On March 20, 1939, appellant filed his petition and schedules for relief under § 75, subs. a to r, of the Bankruptcy Act, 11 U.S.C.A. § 203, subs. a to r. The matter was immediately referred to a conciliation commissioner.

On April 5, 1939, a creditors' meeting was held at which appellant submitted his plan of compromise and extension. On April 14, 1939, the conciliation commissioner filed the plan with the court together with a report stating that the proposal had been accepted in writing by a majority in number and amount of the creditors. The report criticized certain features of the plan but recommended its confirmation. Notice was given of a hearing before the judge to be held on the 16th of June, 1939, for confirmation of the proposed composition and for hearing objections thereto. Appellees filed objections to the plan in opposition to its confirmation, and appellant filed exceptions to certain portions of the commissioner's report.

On June 6, 1939, appellees filed a petition for an order authorizing the sale of the property securing their indebtedness. The hearing on the petition was fixed for June 16, but was reset for June 21, as was also the hearing on confirmation of the debtor's proposal.

It is conceded, and the record shows, that the trial court continued until a later date the hearing on the application for confirmation of the composition, but proceeded at once to hear the petition for leave to sell. In this posture of the case, the court, on June 29, 1939, entered the order granting leave to sell which is the subject of this appeal. The order recites a finding of the court that the estate could not be rehabilitated under § 75, subs. a to r, or § 75, sub. s, of the Bankruptcy Act, that appellant had no equity in the property, and that there was no probability of any increase in its value.

The record discloses no objection by appellant to this method of procedure. On the contrary appellant acquiesced in it and appears to have opposed a hearing on the confirmation of his composition plan. His sole contention on the appeal is that the court was without jurisdiction to grant the petition for leave to sell without first having disposed of the application for confirmation of the composition and extension proposal, and he argues that the jurisdic-

tional point could not be waived by his failure to object.

Subdivision *o* of § 75 provides: "Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court." Then follows a list of the proceedings prohibited, which list includes a sale under a lien.

Subdivision e of the section provides, among other things, that "after the filing of the petition and prior to the confirmation or other disposition of the composition or extension proposal by the court, the court shall exercise such control over the property of the farmer as the court deems in the best interests of the farmer and his creditors."

Subsections n, *o* and p comprehend an automatic stay of the various proceedings they enumerate from the time of the filing of the debtor's petition until the disposition of his composition proposal,[1] unless otherwise ordered by the court as in the act provided. It was within the power of the court to order a sale in advance of the disposition of the application for confirmation. The statutory provision is that, prior to that time, a sale may not be had "except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner."

To what "hearing and report" does the statute refer?

So far as we are advised, the decided cases afford no answer to the question. It was present in Union Joint Stock Land Bank of Detroit v. Byerly, 60 S.Ct. 773, 84 L.Ed. ——, decided April 22, 1940, in which the Court of Appeals for the Sixth Circuit was reversed. 106 F.2d 576. But neither court undertook to interpret the phrase. Whatever may be the preliminary step required by it, the step had not been taken in that case for no commissioner had as yet been appointed at the time the court "erroneously" permitted a sale.[2]

It has been suggested that the phrase refers to a hearing and report by the commissioner on the petition for leave to sell. In this case the commissioner neither heard nor reported on the petition. While the interpretation is arguable, we think it must be rejected. Subdivision *o* expressly provides that the petition is to be "made to and granted by the judge"; and there is no express requirement that it be referred to the conciliation commissioner for hearing and report by him. The implication, indeed, is to the contrary.

Elsewhere, the only mention of a "hearing" by the commissioner is in subdivision e, which requires that officer to hear the parties in interest in the matter of the debtor's proposal. There is no other express reference to a report, but the statute doubtless contemplates a report of the outcome of the hearing on the plan submitted to the creditors. While the fact does not shed much light on the problem, subdivision 6 of General Orders in Bankruptcy, No. 50, 305 U.S. appendix, 29, 11 U.S.C.A. following section 53, requires a report by the commissioner recommending or opposing confirmation. We construe the statutory phrase as referring to the hearing before the commissioner of the debtor's composition or extension proposal, and the commissioner's report thereof.

There are sound reasons for this interpretation. The hearing before the commissioner required by subsection e may result either in an acceptance of the debtor's proposal, or in a failure of the requisite majority of his creditors to approve it. In the event of acceptance, the plan is to be presented to the judge for confirmation. In that contingency, in considering a petition for leave to sell, the judge has the advantage of having the accepted plan before him, together with the commissioner's report. See In re Hanley, D.C., 9 F.Supp. 463, 464; In re Wogstad, D.C., 10 F.Supp.

---

[1] Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370.

[2] In Union Joint Stock Land Bank of Detroit v. Byerly, supra, it was held error for the district court, in the absence of the preliminary step required by subsection o, to permit a sale, but it was said the court had jurisdiction in the premises. However, it was pointed out that until confirmed by the court the sale amounted to no more than an unaccepted offer to purchase. Such is not the situation here, since under the California law a sale under a deed of trust is absolute and cuts off the debtor's equity of redemption.

349, 350, 351; In re Wilkinson, D.C., 10 F.Supp. 100, 104. If the hearing results in the failure of the debtor's proposal to meet with acceptance, the judge has the advantage of the commissioner's report to that effect. In either event, in the light of the hearing and report on the conciliation proposal the judge may more intelligently act upon the petition for leave to sell.

We think this construction reconciles the several provisions of the statute and is in harmony with the purpose of the legislation. Any other construction would make it possible for the judge to order a sale in advance of the debtor's having had an opportunity to present to his creditors his plan for a composition or extension of his debts, and of the creditors' having had opportunity to hear and consider the proposal. A sale might be permitted even before the filing of the debtor's inventory, subdivision d, or the proposed inventory of his creditors, subdivision e.

In the case before us the preliminary step had been taken and the judge had authority to make the order appealed from. Since no other question save the one of jurisdiction is presented to us or preserved by objection, we have no alternative but to affirm the order. The evidence taken below is not here, and we are unable to say on the record before us that the court ordered the sale upon insufficient grounds.

Affirmed.

WILBUR, Circuit Judge.

I concur in the conclusion reached. I believe, however, that the phrase in subdivision *o* of section 75, quoted in the main opinion,[1] refers to a hearing and report by the conciliation commissioner upon the petition for leave to enforce a lien upon the property of the farmer. As stated in the main opinion, the appellant consented to a hearing of the application by the court before the hearing on the confirmation of the proposal for composition and extension. The appellant did not object to the hearing of the application of the appellee for leave to sell upon the ground that a prior hearing before the conciliation commissioner was necessary. Not having made the point in the court below he cannot make it in this court. The statement of points on an appeal by the appellant does not designate a failure on the part of the court to submit the petition for leave to sell to the conciliation commissioner for hearing prior to the hearing before the judge and the specifications of error in appellant's brief do not designate such an error. On the contrary, the appellant states the question on appeal as follows: "The question therefore is, did the Court have jurisdiction and power to make said order at the time that said order was made." As pointed out in the main opinion the statute expressly provides that such an order may be made prior to the confirmation of the debtor's composition and extension proposal. But it should be added that since the argument in this case the Supreme Court has held that although error to depart from the terms of § 75, sub. *o*, granting an order for leave to enforce a lien the court had jurisdiction so to do. The case is cited in the main opinion, Union Joint Stock Land Bank of Detroit v. Byerly. The court there said [60 S.Ct. 776]:

"In view of the provisions of subsection *o* [Sec. 75 Bankruptcy Act], it was error for the District Court, in the absence of the preliminary steps required by that subsection, to permit the sheriff to hold the sale. But the court had jurisdiction in the premises. Error committed by it in the exercise of that jurisdiction could have been corrected by appeal from its order."

I concur in the view of the majority that where the lower court had jurisdiction and the appellant consented to the exercise of jurisdiction the action of the court must be affirmed.

---

[1] "* * * except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner."